UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID STEVENS,

    Plaintiff,

vs.

DEAN TRANSPORTATION, INC., a
Foreign Profit Corporation, and JOHN
DOE, an Unidentified Natural
Individual,

    Defendants.

_____/

CASE NO.:

8:17cv2048 T30 TBM

## DEFENDANT DEAN TRANSPORATION, INC.'S NOTICE OF REMOVAL

Defendant, Dean Transportation, Inc. ("Dean Transportation"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of all defenses, hereby gives notice that it has removed the above-entitled action from the Tenth Judicial Circuit Court of Polk County, Florida, Case No. 2017-CA-000828, to the United States District Court for the Middle District of Florida, Tampa Division. In support of its Notice of Removal, Dean Transportation states as follows:

**I. PLEADINGS**

1.    Plaintiff, David Stevens ("Plaintiff"), commenced this civil action by filing the Complaint in the Tenth Judicial Circuit Court of Polk County, Florida, on March 8, 2017. Plaintiff has since amended his Complaint twice, and the Second Amended Complaint was filed in this matter on May 12, 2017.[1]

---

[1] On July 28, 2017, then Plaintiff, Diane Stevens, alleged wife of David Stevens, voluntarily dismissed with prejudice her claims. **Exhibit A** at pg. 133.

2.     On June 20, 2017, Dean Transportation filed its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

3.     Pursuant to 28 U.S.C. § 1446 and Local Rule 4.02(b), attached hereto as **Exhibit A** are true and legible copies of "all process, pleadings, orders, and other papers or exhibits of every kind, including depositions" on file in the state court. *See* **Composite Exhibit A**, attached hereto.

## II. REMOVAL IS PROPER IN THIS MATTER

### A. Removal is Timely and Venue is Proper

4.     Dean Transportation timely files this Notice of Removal within thirty (30) days after receipt by Dean Transportation, "through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it may first ascertain that the case is one which is or has become removable," pursuant to 28 U.S.C. §1446(b).

5.     Defendant, Dean Transportation, first received notice that this matter is removable on July 31, 2017, upon Defendant's receipt of Plaintiff's Verified Answers to Defendant's First Interrogatories, wherein Plaintiff claims lost wages of $400 per week. A true and correct copy of Plaintiff's Verified Answers to Defendant's First Interrogatories is attached hereto as **Exhibit B.**

6.     Pursuant to 28 U.S.C. §1446(c), Dean Transportation is removing this case within one (1) year after commencement of the action.

7.     The United States District Court for the Middle District of Florida, Tampa Division, is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," namely, the Tenth Judicial Circuit in and for Polk County, Florida. *See Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001) ("a properly removed action necessarily fixes venue in the district where the

state court action was pending"). In addition, the acts complained of in Plaintiff's Second Amended Complaint occurred, upon information and belief, in Polk County, Florida, that is located within the geographical boundaries of this Division. *See* Second Amended Compl. ¶¶ 2, 9.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**B. There is Complete Diversity Among the Parties**

9. Complete diversity exists between the parties to this action. For diversity purposes, a corporation is deemed to be a citizen of its State of incorporation and the State in which it has a principal place of business. 28 U.S.C. § 1332(c)(1). As alleged in the Second Amended Complaint, at all times relevant, Plaintiff was a resident of Lake County in the State of Florida. Therefore, Plaintiff is a citizen of Florida. *See* Second Amended Compl. ¶ 3.

10. Plaintiff's Second Amended Complaint joined JOHN DOE, an unknown person, as an employee or agent of Dean Transportation, Inc. *See* Second Amended Compl. ¶ 7. While Plaintiff does allege JOHN DOE, "based upon information and belief[,] is a resident of the state of Florida," this allegation cannot destroy diversity, pursuant to 28 U.S.C.S. § 1441 (b)(1) ("In determining whether a civil action is removable… the citizenship of defendants sued under fictitious names shall be disregarded. In addition, Plaintiff pleaded no ultimate facts to support their belief that JOHN DOE is a citizen of Florida. Fla. R. Civ. P. 1.110(b). Therefore, Plaintiff's claims against JOHN DOE should be considered void for the purposes of diversity jurisdiction.

11.  Dean Transportation is an Ohio corporation, with its principal place of business in Dallas, Texas. Accordingly, Dean Transportation is not a citizen of Florida. *See* 28 U.S.C. § 1332(c)(1).

12.  Therefore, removal is appropriate because complete diversity of citizenship exists between the parties, and Dean Transportation is not a citizen of Florida, the state in which this action was brought. *See* 28 U.S.C. § 1441(b)(2).

**C. The Amount in Controversy Requirement is Satisfied**

13.  The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

14.  On its face, Plaintiff's Second Amended Complaint asserts that the amount in controversy exceeds the jurisdictional threshold for state circuit court ($15,000). *See* Second Amended Compl. ¶ 1.

15.  However, a reasonable interpretation of the nature of Plaintiff's allegations and claimed injuries and damages demonstrates that Plaintiff seeks an amount in excess of the sum of $75,000, exclusive of interest and costs.

16.  In Plaintiff's Second Amended Complaint, Plaintiff alleges to have sustained significant and severe incapacitating bodily injuries, and resulting pain and suffering, disability, disfigurement, significant scarring, mental anguish, loss of capacity for enjoyment of life, medical expenses, physical handicap, and an impaired ability to work, all of which are permanent or continuing in nature. *See* Second Amended Compl. ¶ 17.

17.  Additionally, in Plaintiff's Verified Answers to Defendant's First Interrogatories, Plaintiff indicates lost wages of $400 per week. **Exhibit B, ¶ 12.**

18.     Attached hereto as **Exhibit C** is an Affidavit of Dean Transportation's counsel, Karen L. Middlekauff, ("Middlekauff Aff.") which states that, based on a review of the medical records obtained to date, Plaintiff's specific alleged injuries, and Plaintiff's lost wages claim and expected retirement age according to the Social Security Administration, Plaintiff's alleged damages exceed $75,000.

19.     In sum, the amount in controversy requirement is met and "[r]emoval from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Accordingly, the jurisdictional amount in controversy for this Court has been satisfied.

### D. All Prerequisites for Removal Have Been Satisfied

20.     Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

21.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Tenth Judicial Circuit Court of Polk County, Florida, and Dean Transportation will promptly serve a copy of the Notice of Removal on Plaintiff.

22.     By filing this Notice, Dean Transportation does not waive its right to assert any defense or affirmative matter, including without limitation the defenses listed in Federal Rule of Civil Procedure 12(b) and any other procedural or substantive defenses available to it under state or federal law.

23.     The undersigned counsel is authorized by Dean Transportation to file this Notice of Removal, is licensed in the State of Florida and is a member of the Bar of this Court.

WHEREFORE, Defendant, Dean Transportation, Inc. gives notice that this action is hereby removed from the Tenth Judicial Circuit Court of Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and requests that this Court assume full jurisdiction over the cause herein as provided by law.

DATE:  August 25, 2017

Respectfully submitted,

_____
M. GARY TOOLE, ESQ.
Florida Bar No. 710814
BIANCA G. LISTON, ESQ.
Florida Bar No. 0555592
KAREN L. MIDDLEKAUFF, ESQ.
Florida Bar No. 99884
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
gtoole@mtwlegal.com
bliston@mtwlegal.com
kmiddlekauff@mtwlegal.com
e.service@mtwlegal.com
*Attorneys for Defendant, Dean Transportation Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>August 25, 2017</u> the foregoing Notice of Removal was delivered to the Clerk of Court for the United States Middle District Court - Tampa Division, who will scan and file the same electronically in CM/ECF. A true copy was also served via electronic mail to:

Brent C. Miller, Esq., Law Offices of Brent C. Miller, P.A., 205 East Burleigh Boulevard, Tavares, FL 32778; litigation@bcmillerlaw.com; elizabeth@bcmillerlaw.com; *(attorney for Plaintiff)*.

M. GARY TOOLE, ESQ.
Florida Bar No. 710814
BIANCA G. LISTON, ESQ.
Florida Bar No. 0555592
KAREN L. MIDDLEKAUFF, ESQ.
Florida Bar No. 99884
McDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Email: bliston@mtwlegal.com
Secondary Email: e.service@mtwlegal.com
*Attorneys for Defendant, Dean Transportation, Inc.*