# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID STEVENS,

    Plaintiff,

v.                                        Case No. 8:17-cv-2048-T-30TBM

DEAN TRANSPORTATION, INC. a Foreign
Profit Corporation and JOHN DOE, an
Unidentified Natural Individual,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 7) and Defendant Dean Transportation, Inc.'s Response in Opposition (Dkt. 14). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff David Stevens originally filed this personal injury action in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida. Stevens, an employee of Nabisco, alleges that while he was making a delivery at a Walmart store, an employee of Defendant Dean Transportation moved a pallet with a hanging strap that caught Stevens' leg and caused him to fall. As a result, Stevens claims he sustained significant and severe incapacitating bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of the capacity for the enjoyment of life, medical expenses, and loss of earning capacity.  Stevens alleges that such losses are permanent or continuing in nature.  Stevens claims that these alleged injuries are the result of negligence and failure to warn by Dean Transportation and its employee, a John Doe.

Defendant Dean Transportation removed the action to this Court within thirty days of its receipt of Plaintiff's Verified Answers to Defendant's First Interrogatories ("Verified Answers").  Specifically, Stevens commenced this action on or about March 8, 2017, and Dean Transportation was served with the initial complaint on or about March 28, 2017. Dean Transportation received a copy of the Verified Answers on July 31, 2017.  Dean Transportation removed the case on August 28, 2017, on the basis of diversity jurisdiction. Dean Transportation's removal relies upon the Verified Answers as an "other paper" that establishes the amount in controversy.

Stevens now moves to remand the action.  Stevens does not contest the timeliness of the removal.  Stevens asserts three arguments in favor of remand: (1) Dean Transportation has not met its burden of establishing, by a preponderance of the evidence, an amount in controversy in excess of $75,000; (2) the unknown "John Doe" Defendant destroys diversity jurisdiction; and (3) Dean Transportation waived its right to remove.  As explained below, the Court concludes that Stevens' motion should be denied.

# DISCUSSION

## I. Legal Standard

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

Notably, when a defendant removes under the second paragraph of 28 U.S.C. § 1446(b) (now found at 28 U.S.C. § 1446(b)(3)), which is what Dean Transportation did in this case, *Lowery* applies to establish the defendant's burden. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Since *Pretka*, the Eleventh Circuit has repeatedly and clearly applied this distinction in the removal standards based upon the timing of the removal. *See Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); *Roe*, 613 F.3d at 1061 nn.3-4. In *Lowery,* the court held that the removal analysis depends on "whether the pleadings or 'other paper' included with the notice of removal provide an

unambiguous statement that clearly establishes federal jurisdiction." *Lowery*, 483 F.3d at 1218.

## II. Analysis

### A. Amount in Controversy

In his Verified Answers, the "other paper" Dean Transportation relies upon to establish removal, Stevens indicates, in relevant part, that he has lost wages of $400 per week. The Affidavit of Dean Transportation's counsel, Karen Middlekauff, states that the medical records produced from Stevens demonstrate that he is currently 58 and would have an early retirement age of 62. Based on these figures, Dean Transportation calculates lost future wages of $79,200 ($400 per week x 198 weeks before turning age 62) because Stevens alleges an inability to work.

In addition to lost wages, Dean Transportation points to other evidence establishing the amount in controversy. The Verified Answers allege the following serious injuries: "Cervical Spine disc herniation bulging x3 left side and right side, Disc bulge at C4-C5, Disc herniation at C5-C6 and C6-C7, Permanent neck, upper, mid and lower back, right shoulder, right leg pain starts at the buttocks down the leg through the knee to right foot, right elbow hurts every time I move it." (Dkt. 1-4). The medical records produced to Dean Transportation reflect significant permanent and ongoing injuries related to the subject accident. Dean Transportation also relies on documentation showing that Stevens' past medical expenses are approximately $49,938.64 to date.

The Court concludes that the totality of this clear and unambiguous evidence is sufficient to establish, by a preponderance of the evidence, that the amount in controversy is greater than $75,000.[1]

Notably, Stevens does not rely on any evidence that establishes an amount in controversy that is less than the jurisdictional amount. He also does not direct the Court to any evidence that calls into question Dean Transportation's calculations of his damages.

### B. Diversity Jurisdiction

Stevens argues that the unknown "John Doe" Defendant destroys diversity jurisdiction because this individual is, upon information and belief, a citizen of the State of Florida. This argument is frivolous because section 1441 was amended in 1998 to state, in relevant part, that "citizenship of defendants sued under fictitious names shall be disregarded" for the basis of establishing diversity among parties. *See* 28 U.S.C. § 1441(b)(1); *Walker v. CSX Transp., Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) (citing the plain language of 28 U.S.C. § 1441, which states that "citizenship of defendants sued under fictitious names shall be disregarded"); *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 n.3 (11th Cir. 1989).

### C. Waiver

Stevens' final argument in favor of remand is that Dean Transportation's participation in state court waived its right to remove the case to this Court. This argument is also without merit. The record reflects that Dean Transportation engaged in basic discovery to receive

---

[1] Stevens also seeks damages associated with future medical expenses, pain and suffering, mental anguish, and loss of the capacity for the enjoyment of life.

more information on Stevens' damages in order to determine the amount in controversy. Defendants typically engage in this type of discovery in the state court action when a plaintiff, like Stevens, alleges an amount in controversy that exceeds the jurisdictional threshold for state circuit court ($15,000). There is no evidence that Dean Transportation attempted to litigate the case on the merits or took substantial defensive action in state court to constitute a waiver of its right to remove.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 7) is denied.

**DONE** and **ORDERED** in Tampa, Florida on September 29, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record